IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CARLOS JEROME FRANKLIN | ) | |
| | ) | |
| v. | ) | NO. 3:12-0653 |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| TRANSPORTATION | ) | |

TO:     Honorable Todd J. Campbell, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 29, 2012 (Docket Entry No. 3), this action was referred to the Magistrate Judge for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion for summary judgment (Docket Entry No. 11) filed by Defendant Tennessee Department of Transportation, to which the Plaintiff has filed a response in opposition (Docket Entry No. 18). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. PROCEDURAL BACKGROUND

The Plaintiff filed this action pro se and in forma pauperis on June 27, 2012, against his former employer, the Tennessee Department of Transportation ("TDOT"). The Plaintiff brings

claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), seeking damages and injunctive relief. Attached to the Complaint is a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC'), dated May 24, 2012. See Complaint (Docket Entry No. 1), at 5.

The Plaintiff worked for approximately two years for TDOT prior to resigning in January 2009. He was subsequently re-hired as a Highway Maintenance Worker and began working a six month probationary period on January 10, 2011. On March 30, 2011, the Plaintiff was terminated from employment for the stated reason that he failed to maintain a satisfactory and harmonious working relationship with his fellow employees. See Docket Entry No. 14-2. The Plaintiff alleges that he was wrongfully terminated because of his race, that he experienced a hostile workplace, that he suffered discriminatory treatment, and that he was retaliated against for having filed a charge of discrimination. See Complaint, at 2. He alleges that he was not allowed to train on certain equipment, was often ridiculed at work, was told to perform cleaning duties and pick up trash, and experienced two incidents of being threatened by co-workers. Id. at 2-3. He asserts that his supervisors did nothing when he complained about these incidents, about TDOT policies being violated, or about second-hand smoke in the workplace. Id.

On July 30, 2012, the Defendant filed an answer (Docket Entry No. 7) denying the allegations of wrongdoing, and a scheduling order (Docket Entry No. 8) was entered providing for a period of pretrial discovery. On November 30, 2012, the Defendant filed the pending motion for summary judgment. The Defendant argues that it should be granted summary judgment because the Plaintiff cannot set forth any evidence that he was subjected to racial discrimination, a hostile workplace, or retaliation. The Defendant contends that the Plaintiff was terminated from his employment during

his probationary period because of documented instances of problems he had with other workers during the short time he was at TDOT. The Defendant further contends that there is no evidence that the Plaintiff made any complaint about racial hostility or discrimination while employed at TDOT. The Defendant supports its motion with discovery responses from the Plaintiff and with copies of various documents pertaining to the Plaintiff's employment and his charge of discrimination. See Docket Entry No. 14-1 though 14-14.

In his response, the Plaintiff essentially recounts the allegations of the Complaint and asserts that the Tennessee Department of Labor and Workforce Development, Division of Employment Security found that the TDOT had not provided sufficient evidence to show that his actions constituted work-place misconduct.[1] He argues that he "was subjected to numerous accounts of discrimination, retaliation, intimated (sic) by threats of physical and verbal assaults, and subjected to a hostile work environment. Journal entries and photographs can show validity of charges." See Docket Entry No. 18, at 2.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable

---

[1] The Court infers that the Plaintiff was found to be entitled to unemployment benefits and that the Defendant did not appeal that decision.

jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a

4

well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## III. CONCLUSIONS

A. The Plaintiff's Response

In response to the motion for summary judgment, the Plaintiff filed a memorandum. However, he has not responded to the Defendant's Statement of Undisputed Facts (Docket Entry No. 13), nor has he supported his response with any type of actual evidence. Furthermore, his Complaint is not sworn to or otherwise verified.

The Plaintiff's pro se status does not relieve him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). Factual statements must be submitted in the form of an affidavit which has been sworn to by the affiant, a statement submitted under the penalty of perjury in accordance with 28 U.S.C. § 1746, deposition testimony, and/or answers to discovery requests. Factual statements not in these forms should be disregarded by the Court. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 969 (6th Cir. 1991). The Court is also not obligated

to sift through the entire record on behalf of the Plaintiff to determine whether or not a material factual dispute exists. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989). The Defendant, through its motion for summary judgment, has specifically pointed out what it believes to be the legal deficiencies in the Plaintiff's case and it is the Plaintiff's burden to rebut these arguments by pointing to specific admissible evidence that supports his claims. Lujan, 497 U.S. at 888; Banks, 330 F.3d at 892. The Plaintiff has not satisfied this basic burden and has not either rebutted the evidence provided by the Defendant or himself set forth evidence in support of his claims.

B. Racial Discrimination Claims

    1. Wrongful Termination and Discriminatory Treatment Claims

Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions or privileges of employment, because of such individual's . . . race ." See 42 U.S.C. § 2000e-2(a)(1). The Plaintiff alleges that he was wrongfully terminated and also alleges that he was subjected to differing treatment in the terms and conditions of his day-to-day employment.

The Plaintiff offers no direct evidence supporting his claims.[2] Accordingly, the claims are analyzed under the evidentiary framework for cases based upon circumstantial evidence set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1972), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed.2d

---

[2] Direct evidence is "that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Jacklyn v. Shering-Plough Healthcare Prods. Sales Corp., 176 F.2d 921, 926 (6th Cir. 1999).

6

207 (1981). The Plaintiff must first establish a prima facie case of racial discrimination. See White v. Columbus Metro. Hous. Auth., 429 F.3d 232, 240 (6th Cir. 2005); Dews v. A.B. Dick Co., 231 F.3d 1016, 1020-21 (6th Cir. 2000). If the Plaintiff establishes a prima facie case, a rebuttable presumption of unlawful discrimination is created and the burden shifts to the Defendant to articulate a legitimate nondiscriminatory reason for the challenged employment action. Burdine, 450 U.S. at 254-56. Upon the Defendant's offer of a legitimate reason, the burden shifts back to the Plaintiff to demonstrate that the proferred reason is pretextual, masking intentional discrimination. Dews, 231 F.3d at 1021.

Even when the Court views the evidence before it in the light most favorable to the Plaintiff as the non-moving party, the Court finds that there is no evidence satisfying the Plaintiff's burden of showing a prima facie case and, further, even if a prima facie case were supported by the evidence, the Plaintiff has failed to rebut the Defendant's assertion of legitimate, non-discriminatory reason for the challenged employment actions. There is simply insufficient evidence in the record upon which a reasonable jury could find in favor of the Plaintiff on these claims.

For any claim of discriminatory treatment, the Plaintiff must show that he suffered an adverse employment action in order to satisfy a prima facie case. See Mitchell v. Vanderbilt Univ., 389 F.3d 177, 185 (6th Cir. 2005); DiCarlo v. Potter, 358 F.3d 408, 415 (6th Cir. 2004). The challenged employment action(s) must amount to a "materially adverse change in the terms or conditions of . . . employment" and "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Kocsis v. Multi-Care Mgmt., Inc., 97 F.3d 876, 885-86 (6th Cir. 1996). An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing

a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). In the absence of evidence of a materially adverse employment action by TDOT, the mere fact that the Plaintiff shows that he received some type of negative treatment by TDOT or was treated differently in some minor or general respects than other employees is insufficient to support a claim of discriminatory treatment.

This requirement is designed to prevent lawsuits that are based upon trivial, minor, or routine workplace dissatisfactions. White v. Burlington N. & Santa Fe Ry. Co., 364 F.3d 789, 795 (6th Cir. 2004), aff'd Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). As the Sixth Circuit Court of Appeals explained, "[n]ot every act affecting an individual's employment can be considered an adverse employment action." McMillian v. Potter, 2005 WL 1140629, *3 (6th Cir. May 11, 2005) (citing Burlington Indus., 524 U.S. at 761). The Sixth Circuit has consistently required that the challenged employment action be significant in order for it to be deemed materially adverse. For example, a plaintiff fails to show an adverse employment action based upon evidence of confrontations and harsh words from her supervisor and that the plaintiff was briefly placed on paid administrative leave, Michael v. Caterpillar Fin. Servs. Corp., 496 F.3d 584, 594 (6th Cir. 2007); evidence of increased scrutiny of the plaintiff's work, Birch v. Cuyahoga Cnty. Probate Court, 392 F.3d 151, 169 (6th Cir. 2004); evidence of a substantial reduction of lab space, revocation of mentor status, loss of a research assistant, forced review of grant applications, removal from directorship position, and non-selection for a lateral position, Mitchell, 389 F.3d at 181-83; evidence that the plaintiff was required to comply with a performance plan, Agnew v. BASF Corp., 286 F.3d 307, 310 (6th Cir. 2002); and evidence of the plaintiff's receipt of "counseling memoranda" disciplining him for specific rules infractions and evidence that

he was monitored more closely than other employees, Allen v. Michigan Dep't of Corr., 165 F.3d 405 (6th Cir. 1999). See also Peake v. Brownlee, 339 F. Supp. 2d 1008, 1022 (M.D. Tenn. 2003) (plaintiff's allegations that she was assigned to a different building, left out of meetings, ignored by her supervisors, and not permitted to attend training sessions were not sufficient to show adverse employment actions).

The Plaintiff's termination from employment is the only action about which he complains that rises to the level of an adverse employment action. His allegations that he was not trained on some equipment, that he was given clean-up duties, and that his complaints about various aspects of his job were ignored are simply not significant enough to constitute adverse employment actions supporting a Title VII claim. De minimis actions or actions evidencing merely routine workplace dissatisfaction are not actionable under Title VII. Bowman v. Shawnee State Univ., 220 F.3d 456, 461-62 (6th Cir. 2000).

With respect to the Plaintiff's termination, simply showing an adverse employment action occurred is not, in and of itself, sufficient to satisfy a prima facie case. The Plaintiff must also set forth evidence that he was replaced by a person outside the protected class or was treated differently than similarly situated non-protected employees. Wright v. Murray Guard, Inc., 455 F.3d 702, 707 (6th Cir. 2006); Clayton v. Meijer, Inc., 281 F.3d 605, 610 (6th Cir. 2002); Newman v. Federal Express Corp., 266 F.3d 401, 406 (6th Cir. 2001); Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir. 1992). The Plaintiff has not offered any evidence supporting this aspect of his prima facie case. Further, the evidence presented by the Defendant, which is undisputed, shows that the Plaintiff and the co-worker with whom he had his first altercation were treated similarly after the altercation in that they were both disciplined by being given an oral warning and written follow-up. See Docket

9

Entry Nos. 14-9 and 14-10. With respect to the second alleged altercation, the Plaintiff has not offered any evidence that the other employee was not in the protected class or that he was treated dissimilarly than the Plaintiff.

Even if the Plaintiff had satisfied his burden of showing a prima facie case, he has offered no evidence rebutting the Defendant's explanation for why he was terminated and showing that the asserted reason was a pretext for racial discrimination. The explanation by TDOT that the Plaintiff was terminated because of his inability to maintain a harmonious working relationship with his fellow employees is both legitimate and non-discriminatory and shifts the burden to the Plaintiff to show that the Defendant's decision was pretextual and masked unlawful racial discrimination. The Plaintiff can demonstrate pretext by showing that the proffered reason: (1) has no basis in fact; (2) did not actually motivate the challenged conduct; or (3) was insufficient to warrant the challenged conduct. Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 576 (6th Cir. 2003); Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084-85 (6th Cir. 1994). The ultimate burden of persuasion always remains with the Plaintiff, St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511, 517-18, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), and demonstrating pretext is the plaintiff's burden. Jones v. Potter, 488 F.3d 397, 406 (6th Cir. 2007).

In the instant case, the Plaintiff has pointed to no actual evidence upon which a reasonable jury could find that the Defendant's stated reason was pretextual. As such, the Defendant is entitled to summary judgment in its favor. See Schoonmaker v. Spartan Graphics Leasing, LLC, 595 F.3d 261, 268 (6th Cir. 2010); Manzer, 29 F.3d at 1083. The mere fact that the Plaintiff believes that discrimination occurred is not sufficient to carry his burden of production because "[a] plaintiff's conclusory allegations and subjective beliefs are not a sufficient basis to deny summary judgment."

10

Johnson v. Interstate Brands Corp., 351 Fed.Appx. 36, 42, 2009 WL 3583397, *5 (6th Cir. Nov. 3, 2009).

### 2. Hostile Workplace Claim

A claim under Title VII can be based upon allegations that an employee was subjected to a hostile work environment. See Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); Barrett v. Whirlpool Co., 556 F.3d 502, 515 (6th Cir. 2009). Such a claim requires a showing that the Plaintiff was subjected to unwelcome harassment, that the harassment was based on his protected status, and that the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment. Clay v. United Parcel Serv., Inc., 501 F.3d 695, 607 (6th Cir. 2007); Hafford v. Seidner, 183 F.3d 506, 512 (6th Cir.1999). A hostile work environment exists when the workplace is permeated with intimidation, ridicule, and insult that is based on the protected status at issue and that is sufficiently severe and pervasive to alter the conditions of the Plaintiff's employment. See Oncale, supra; Harris, supra; Barrett, supra.

However, a hostile workplace claim cannot be predicated upon evidence of mere conflict, dissension, or turmoil in the workplace. There must be actual evidence of racial animus. See Arendale v. City of Memphis, 519 F.3d 587, 605-06 (6th Cir. 2008). The Plaintiff fails to offer any evidence whatsoever that his workplace was permeated with racially tinged intimidation, ridicule, or insult. Indeed, even his own Complaint fails to set forth any allegations of racially tinged workplace incidents. Although he complains about his supervisors ridiculing him and giving him

11

duties which he states were not in his job description and alleges that he had incidents with co-workers that involved threats of violence, these allegations fail to show that he was subjected to a racially hostile work environment. While these events may reflect unprofessionalism on the part of his supervisors or that the work environment at the TDOT was not problem free, Title VII does "not guarantee a utopian workplace, or even a pleasant one," Vore v. Indiana Bell Tel. Co., Inc., 32 F.3d 1161, 1162 (7th Cir. 1994), and Title VII is not intended to redress general employee dissatisfaction or to remedy every workplace dispute. See White, 364 F.3d at 795. There is no evidence upon which a reasonable jury could find that the Plaintiff suffered a racially hostile workplace during the two months that he was employed with the TDOT.

C. Retaliation Claim

Title VII forbids an employer from "discriminat[ing] against any . . . employee[s] . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII.]." 42 U.S.C. § 2000e-3(a). Unlawful employment practices under Title VII include any actions taken on the basis of race, color, religion, sex, or national origin that "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2. See Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 543 (6th Cir. 2008). A plaintiff may establish a claim of retaliation under Title VII either by introducing direct evidence of retaliation or by proffering circumstantial evidence that would support an inference of retaliation. Id. at 542.

Because the Plaintiff does not set forth any direct evidence of retaliation[3] his claim is analyzed under the evidentiary framework set out in McDonnell Douglas, supra, and Burdine, supra, that is used to assess claims of racial discrimination. See Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir. 1987). In order to establish a retaliation claim, the Plaintiff must show a prima facie case by setting forth evidence that: (1) he engaged in an activity protected by Title VII; (2) this exercise of protected rights was known to the Defendant; (3) the Defendant thereafter took action that a reasonable person would have found to be materially adverse; and (4) a causal connection existed between the protected activity and the adverse employment action or harassment. See Burlington Northern, 548 U.S. at 68; Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 345-49 (6th Cir. 2008); Morris v. Oldham Cnty. Fiscal Court, 202 F.3d 784, 792 (6th Cir. 2000).

The Plaintiff has not shown any evidentiary basis supporting a claim of retaliation. Indeed, the Court cannot even determine from the Plaintiff's allegations what protected activity he contends that he engaged in or what exactly he alleges to have been any act of retaliation. As such, he fails to satisfy even his prima facie burden for a retaliation claim, and the Defendant is entitled to summary judgment on this claim.

## RECOMMENDATION

For the foregoing reasons, the Court respectfully RECOMMENDS that the Defendant's motion for summary judgment (Docket Entry No. 11) be GRANTED and this action be DISMISSED WITH PREJUDICE.

---

[3] Direct evidence, if believed, requires no inferences to conclude that unlawful retaliation was a motivating factor in the challenged action. Abbott v. Crown Motor Co., 348 F.3d 537, 542 (6th Cir. 2003).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge